2040424

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**CASE NO.: 2-21-cv-0198-JES-KCD**

PROGRESSIVE EXPRESS INSURANCE COMPANY, an Ohio Corporation

Plaintiff,

v.

ISLAMARTI, LLC, a Florida Limited Liability Company, ALBERTO DANIEL HERRERA MARTINEZ, ISLARY MARTINEZ, TATE TRANSPORT CORPORATION, a Florida Corporation, DENNIS NIENOW and RENEE NIENOW,

Defendants.
_______________________________________/

**DEFENDANT, TATE TRANSPORT CORPORATION'S, RESPONSE TO PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT/MOTION FOR DEFAULT JUDGMENT**

COMES NOW, Defendant, TATE TRANSPORT CORPORATION ("Tate"), by and through its undersigned attorney and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and Local Rule 3.01, and files this Response to Plaintiff's Motion for Summary Judgment (Dkt. # 72),[1] as follows:

---

[1] Tate is not responding to the Motion for Default, which is not directed to this Defendant.

1. It is not disputed that on March 25, 2020, all three trucks listed on the Progressive insurance policy were involved in hauling fill sand to and from the Siena Lakes construction project. (Progressive Statement of Material Facts, ¶ 7).

2. Alberto Herrera Martinez ("Alberto") testified that the three trucks insured under the Progressive policy were hauling fill for Tate that morning. (Dkt # 75-1, p. 9).

3. At the time of the accident, at 7:19 a.m., the truck which struck Dennis Nienow was leaving the construction project. *See* Accident Report, attached hereto as Exhibit "A."

4. Alberto estimated that, at the time of the accident, the trucks would have been back at the quarry (where they were loaded), because, based on the time they had left the quarry that morning with their first load, they would have been finished dropping their fill at the construction site at around 6:40 a.m. (i.e. 40 minutes before the accident). (Dkt # 75-1, pp. 20, 23).

5. A determination has not been made as to the identity of the driver and truck which struck Mr. Nienow. In fact, the evidence does not show exactly where the insured trucks were at the time of the accident, or what they were doing.

6. Progressive relies on an **allegation** by Mr. Nienow that the dump truck that hit him was being driven by Alberto. (Progressive Statement of Material Facts, ¶ 9).

## STANDARD OF REVIEW

Perhaps inadvertently, Progressive's Motion addresses the Florida state court standard, not the federal standard, although they are the same now.

"Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Jinks v. Owens*, 517 F. App'x 913, 914 (11th Cir. 2013). The movant bears the initial burden of "informing the district court of the basis for its motion," and then "the burden shifts to the non-moving party to come forward with relevant evidence beyond the pleadings showing that there is a genuine issue for trial." *Id.* at 914-15 (internal marks omitted).

When the moving party has the burden of proof at trial, as here, that party must show affirmatively the absence of a genuine issue of material fact: it "must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991).

## MEMORANDUM OF LAW

Tate agrees with the law cited on pages 6-7 of Progressive's Motion. Exclusions are strictly construed against the insurance company. Ambiguous exclusionary clauses are construed even more strictly against the insurer than coverage clauses. *Sebo v. Am. Home Assurance Co.*, 208 So. 3d 694, 697 (Fla. 2016).

Tate agrees that, merely because a term is not defined in a policy, that does not make it ambiguous. Undefined terms are given their ordinary meaning. *Gov't Emps. Ins. Co. v. Macedo*, 228 So. 3d 1111, 1113 (Fla. 2017). The problem with Progressive's insurance policy analysis, however, is that it focuses on a single word in a three-part exclusion; i.e., "business." Curiously, Progressive begins its discussion of the "Trucking Use" Exclusion in its policy by stating that "[n]on-trucking insurance is often described as "bobtail insurance," citing *Empire Fire & Marine Ins. Co. v. Ins. Co. of State of Pennsylvania*, 638 So. 2d 102, 103 (Fla. 3d DCA 1994). As Progressive notes on page 8 of its Motion, the Third District explained that bobtail/deadhead insurance is intended to cover the insured when the vehicle is "not under load." That is exactly what the evidence shows here - that, IF one of the insured vehicles was involved in the accident, it would **not have been under load**, as it was **leaving** the construction site.

Moreover, in focusing on the term "business," Progressive overlooks the first part of the Trucking Use exclusion which states that the insurance "does not apply to an **insured auto** or any attached **trailer** while operated, maintained, or used:….In any business or for any business purpose." The key word here is "while," which refers to **time.** For example, the Cambridge online dictionary defines the word as "during the time that, or at the same time as." https://dictionary.cambridge.org/us/dictionary/english/while.

The minimal evidence that exists at this time shows that the accident occurred at a time when the subject trucks were not being operated, maintained, or used in business - they were either traveling without any load at the construction site or somewhere else. The evidence simply does not show, to the extent required for summary judgment, what the trucks were actually doing at the time of the accident. The drivers could have been taking a personal break. The trucks could have been turned off waiting for someone at the quarry to do something. Many possibilities exist that would bring this accident within Progressive's coverage, i.e., where the subject exclusion would be inapplicable factually.

The case law involving the Trucking Use exclusion discussed in Progressive's Motion is distinguishable. In *Progressive Express Ins. Co. v. Candelas*, No. 8:19-CV-1957-T-33AEP, 2020 WL 6049374, at *6 (M.D. Fla. Apr. 16, 2020), report and recommendation adopted, No. 8:19-CV-1957-T-33AEP, 2020 WL 6049317 (M.D. Fla. May 5, 2020), at the time of the accident in which a passenger was injured, the insured was operating a Peterbilt truck towing a trailer which was loaded with water. The Magistrate noted: "Given Progressive's allegations[2] that, at the time of the Accident, the Peterbilt truck was being used to carry property and used in the

[2] The Magistrate referred to "allegations" because Progressive was seeking a default judgment.

business of Carlos Candelas or for any other business purposes, the Trucking and Business Use Exclusion applies." *Id.* at * 6.

Thus, the insured truck was actively carrying a load and being used in the insured's business at the time of the accident. Similarly, in *Progressive Paloverde Ins. Co. v. Est. of Jenkins*, No. CV 19-12840, 2021 WL 638119, at *1 (E.D. La. Feb. 18, 2021), at the time of the accident in which the insured truck struck an Amtrak train, injuring passengers, the insured was operating a semi-truck which was pulling a trailer. The insured was in the process of hauling sand from a private pit. At the time of the accident, the trailer was loaded with 27 tons of sand. *Id.* Because this fact was not in dispute, the court had no trouble concluding that the Trucking Use Exclusion applied. "Since the exclusion applies when Bobby Jenkins was hauling, this evidence alone is sufficient for the exclusion to apply." *Id.* at * 2.

In *United Fin. Cas. Co. v. Spirit of the Lion, LLC*, No. MO:19-CV-007-DC, 2020 WL 6379299 (W.D. Tex. Aug. 25, 2020), the court does not discuss the facts in any great detail, but concludes that "there is no factual dispute that the insured vehicle was being used for a business purpose at the time of the accident." *Id.* at * 3.

Similarly, the final Trucking Use Exclusion case discussed by Progressive, *Progressive Mountain Ins. Co. v. Williams*, No. 1:19-CV-553-MHC, 2019 WL 9828533, at *1 (N.D. Ga. July 26, 2019), does not address the facts other than that

the insured was using the insured vehicle for a business purpose at the time of the accident.

Consequently, the case law relied upon by Progressive does not support entry of summary judgment on Progressive's Complaint for Declaratory Relief. It should be noted that Progressive sought a declaration that it has no duty to indemnify and no duty to defend Tate in the underlying action. However, Progressive does not even address the duty to defend in its Motion.

Progressive clearly has not met its summary judgment burden. It has also overlooked the general rule that "[w]ithout a state court judgment as to liability, a claim for declaratory judgment on indemnification is premature." *Atl. Specialty Ins. Co. v. Mills*, No. 6:20-CV-2333-JA-EJK, 2021 WL 2531064, at *3 (M.D. Fla. Mar. 29, 2021) (citing *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (holding that a determination on a duty to indemnify is not ripe for adjudication until the underlying lawsuit is resolved). *See also RLI Ins. Co. v. Coastline Title of Pinellas, LLC*, No. 8:20-CV-786-T-23CPT, 2020 WL 9172022, at *2 (M.D. Fla. Oct. 21, 2020) ("Case law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." (quoting *Penn. Nat. Mut. Cas. Ins. Co. v. King*, 2012 WL 280656, at *5 (S.D. Ala. 2012) (collecting cases)).

Based on the foregoing arguments and authorities, Progressive's Motion should be denied.

DATED: July 6, 2022

Respectfully submitted,

/s/ Jeffrey A. Blaker

Jeffrey A. Blaker, Esquire
Florida Bar No.: 443913
jblaker@conroysimberg.com
Conroy Simberg
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
(561) 697-8088
(561) 697-8664
Attorney for Defendant, Tate Transport Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jeffrey A. Blaker
Jeffrey A. Blaker, Esquire
Florida Bar No.: 443913
jblaker@conroysimberg.com
Conroy Simberg
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
(561) 697-8088
(561) 697-8664
Attorney for Defendant, Tate Transport Corp.

CASE NO. 2:21-cv-00198-JES-KCD

**SERVICE LIST**

NIENOW, DENNIS & RENEE V. TATE TRANSPORT CORP.
Case No. 20-CA-002531
United States District Court, Middle District of Florida

Michael G. Heilmann, Esq.
mgh@dialaw.net
Downriver Injury & Auto Law
23394 Goddard Road
Taylor, MI 48180-4131
Attorney for Plaintiff
Email: mgh@dialaw.net

Luis A. Botero, Esq.
lbotero@wilkelawgroup.com
The Law Office of John J. Wilke, P.A.
7284 W. Palmetto Park Road, Suite 306-S
Boca Raton, FL 33433
Attorneys for Defendants Martinez and Islamarti, LLC
lbotero@wilkelawgroup.com

John J. Wilke, Esquire
RMullis@wilkelawgroup.com; jwilke@wilkelawgroup.com
The Law Office of John J. Wilke
7284 W. Palmetto Park Road
Suite 306
Boca Raton, FL 33433
Attorneys for Defendants Martinez and Islamarti, LLC
RMullis@wilkelawgroup.com; jwilke@wilkelawgroup.com

Kristin H. Woolam, Esquire
Law Offices of Ignacio M. Sarmiento
P.O. Box 7217
London, KY 40742
Attorneys for Kaufman Lynn Construction, Inc.
kristin.woolam@libertymutual.com

Jorge Santeiro, Jr., Esquire
jsanteiro@fcci-group.com; ssmith5@fcci-group.com
Law Offices of Santiero & Garrison
6300 University Parkway
Suite 101
Sarasota, FL 34240
Attorney for Defendant
jsanteiro@fcci-group.com; ssmith5@fcci-group.com

Carl Palomino, Esq.
Carl Palomino, P.A.
717 Ponce De Leon Blvd.
Suite 203
Coral Gables, FL 33134
attorneycarlpalomino@gmail.com