UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

PROGRESSIVE EXPRESS INSURANCE COMPANY, AN OHIO CORPORATION,

Plaintiff,

CASE NO.: 2:21-cv-0198-JES-KCD

v.

ISLAMARTI LLC, A FLORIDA LIMITED LIABILITY COMPANY, ALBERTO DANIEL HERRERA MARTINEZ, ISLARY MARTINEZ, TATE TRANSPORT CORPORATION, A FLORIDA CORPORATION, DENNIS NIENOW, AND RENEE NIENOW,

Defendants. /

**PLAINTIFF PROGRESSIVE EXPRESS INSURANCE COMPANY'S REPLY TO DEFENDANT TATE TRANSPORT CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT**

Plaintiff, Progressive Express Insurance Company ("Progressive"), files this its Reply to Defendant, Tate Transport Corporation's ("Tate Transport") Response to Progressive's Motion for Summary Judgment [DE 80] as follows:

In its Response, Tate Transport does not refute the business relationship between Defendant, Islamarti LLC ("Islamarti") and Tate Transport (Progressive (Statement of Material Facts, ¶5, ¶6) nor the fact that "[o]n March 25, 2020, all three

trucks listed on the Progressive insurance policy were hauling fill sand to and from the Siena Lakes construction project, including the 2004 Peterbilt being driven by [Defendant, Alberto Daniel Herrera Martinez ("Martinez")] (Statement of Material Facts, ¶7; Tate's Res. DE 80, ¶1). Tate Transport adds the fact that "[a]t the time of the accident, at 7:19 a.m., the truck which struck Dennis Nienow was leaving the construction project (DE 80, ¶3). The remaining additional facts that were added bear on the issue as to whether the truck driven by Martinez, struck Defendant, Dennis Nienow (DE 80, ¶¶ 4-6). Whether it can be proven in the underlying state court action that the truck driven by Martinez, struck Defendant, Dennis Nienow, has no bearing on whether the Progressive Commercial Auto Policy provides coverage for the claimed damages of Defendants, Dennis Nienow and Rachel Nienow, should liability be determined against Tate Transport.

Tate Transport has accused Progressive of focusing on a single word in the three-part exclusion, "business" and ignoring the first part that states that "the insurance 'does not apply to an insured auto or any attached trailer while operated, maintained, or used: … In any business or for any business purpose,'" with Tate Transport focusing on the word "while." In other words, Tate Transport is suggesting to the court that the truck, while on the way to the jobsite filled with fill sand is being operated "in any business or for any business purpose" yet, while leaving the jobsite empty, on the way to pick up another load, is not being operated "in any business or

for any business purpose." That is a ludicrous interpretation of the policy. In real world application, that would mean that the status of the truck would be constantly changing throughout the day depending on whether it was traveling full to the jobsite or driving empty away from the jobsite in order to acquire more fill sand to bring to the jobsite. *See Centex Homes Corp. v. Prestressed Sys., Inc.*, 444 So. 2d 66, 68 (Fla. 3d DCA 1984) ("In its attempt to find an ambiguity in the [insurance] contract, appellee constructs a strained reading which, were it adopted, would lead to a ludicrous interpretation of plain words. We can only approve a construction which comports with logic and reason.").

It does not appear that Tate Transport read the entire opinion in *Empire Fire & Marine Ins. Co. v. Ins. Co. of State of Pennsylvania,* 638 So. 2d 102, 103 (Fla. 3d DCA 1994). Although the case involved a truck involved in interstate commerce and an accident that occurred while the truck (without its trailer) was on its way to obtain an oil change, the court's comments regarding whether the truck was being used in the business of the insured are elucidating:

> One of the reasons for the adoption of I.C.C. regulation over the use of leased equipment was to make sure that leased equipment was being properly maintained. See 4 Saul Sorkin, Goods in Transit § 45.02-.03; *Transamerican Freight Lines, Inc. v. Brada Miller Freight Sys., Inc.*, 423 U.S. 28, 36-41, 96 S. Ct. 229, 233-36, 46 L. Ed. 2d 169 (1975); Empire Fire & Marine Ins. Co., 868 F.2d at 360-63. The oil change is a maintenance function which is a part of the trucker's business, just as it would be if the truck-tractor had been owned by the I.C.C. carrier. See *Hartford Ins. Co. v. Occidental Fire & Casualty Co.*, 908 F.2d 235 (7th Cir. 1990)(Driver of tractor was using truck "in the business of" carrier

> lessee where injury occurred while driver was en route to pick up trailer which had been repaired*); St. Paul Fire & Marine Ins. Co. v. Frankart*, 69 Ill. 2d 209, 370 N.E.2d 1058, 13 Ill. Dec. 31 (Ill. 1977)(tractor trailer used in business of common carrier at time of accident where driver was returning home from delivering cargo and made short diversion to obtain fuel at a cheaper price)…

In other words, the truck need not be filled with fill sand to be operated "in any business or for any business purpose." The "suggested" alternatives to the truck being operated in any business or for any business purpose such as the driver taking a personal break or waiting for someone at the quarry to do something are pure speculation. In *Sunbelt Worksite Marketing, Inc. v. Metropolitan Life Ins. Co*., 2011 WL 3444256, 2011 U.S. Dist. LEXIS 87387 (M.D. Fla. Aug. 8, 2011), the court stated as to summary judgment:

> In deciding summary judgment or partial summary judgment, the Court must consider all evidence in light most favorable to the nonmoving part. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983), and must draw all reasonable inferences in favor of the nonmoving party, *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105, (2000). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating an absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–34, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden may be discharged if the moving party can show an absence of evidence to support the nonmoving party's case. *Id*. at 323, 325. If the moving party meets this burden, the nonmoving party must then designate specific facts demonstrating a genuine issue of material fact to avoid summary judgment. *Id*. at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> Issues of fact are "genuine" only if a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 249. Material facts are those

> facts that will affect the outcome of the trial. *Id*. at 248; *Hickson Corp. v. Crossarm Co.,* 357 F.3d 1256, 1259–60 (11th Cir. 2004). The weighing of evidence and determinations of credibility are the functions of the jury, not the judge. Anderson, 477 U.S. at 255. Therefore, if the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact and the Motion for Summary Judgment or Partial Summary Judgment be denied. *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1531 (11th Cir. 1987). The weighing of evidence and the consideration of the credibility thereof are issues of fact to be determined by the jury at trial. *See Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1299 (11th Cir.1983). (Emphasis added.)

This court, in *Penrod Lumber Co. v. Great Southern Wood Preserving, Inc*., 2010 WL 3368597 (M.D. Fla. Aug. 24, 2010), when discussing materiality, stated:

> Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *See Madura v. BAC Home Loans Servicing, L. P.,* 2013 WL 3777094 (M.D. Fla. July 17, 2013), citing *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). (Emphasis added.)

The accident occurred at the intersection of Sienna Lakes Drive and Orange Blossom Drive quite close to the construction site (Nienow Dep., 23:21–25:12, Sept. 14, 2021, DE 76-1); (Martinez Dep., 16:3–18, DE 75-1). Martinez left the site where the fill sand was loaded (Youngquist Brothers) for his first trip of the day at 6:05 a.m., and he arrived at 6:30–6:35 a.m., and left there, after unloading, at approximately 6:40 a.m. (Martinez Dep., 23:7–24:10, DE 75-1). The accident occurred at approximately 7:19 a.m. [DE 80-1]. The suggestion that he was on a

break at 7:19 a.m., after delivering only one load of fill sand, finds no support in the evidence.

Likewise, the suggestion that "The trucks could have been turned off waiting for someone at the quarry to do something is really a defense to liability, which is not relevant to coverage. Tate Transport has admitted that the truck causing the accident was leaving the construction site when the accident occurred. There are no genuine issues of material fact regarding the fact that all three trucks listed on the Progressive insurance policy were hauling fill sand to and from the Siena Lakes construction project, including the 2004 Peterbilt being driven by Martinez. That was the activity that Martinez was engaged in at the time of the accident, and nothing has been presented by Tate Transport to the contrary[1]. *See Harris v. Jan*, 2019 U.S. Dist. LEXIS 103858, 2019 WL 2567963 (M.D. Fla. June 21, 2019), citing *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir. 1995) (noting that in opposing summary judgment, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial" by using "affidavits, [] depositions, answers to interrogatories, [or] admissions on file"). Tate Transport has designated no specific facts showing that Martinez was engaged in any other activity than driving his truck back to Youngquist Brothers to pick up another load of fill sand.

---

[1] Neither Defendants Dennis Nienow nor Rachel Nienow filed a Response to the Motion for Summary Judgment.

Regarding the argument that the claim for declaratory judgment on indemnification is premature, Tate Transports cites *Atl. Specialty Ins. Co. v. Mills*, No. 6:20-cv-2333-JA-EJK, 2021 WL 2531064, at *3 (M.D. Fla. Mar. 29, 2021) (citing *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019)) (holding that a determination on a duty to indemnify is not ripe for adjudication until the underlying lawsuit is resolved).

Neither opinion is binding precedent on this court and this court has discretion to determine the duty to indemnify, however, Progressive concedes that the weight of authority finds that the determination of the duty to indemnify is premature until a determination is made in the underlying litigation as to Tate Transport's liability. Although, Tate Transport seeks no relief pursuant to its Response other than a denial of the Motion for Summary Judgment, Progressive suggests that a stay of the determination as to Progressive's duty to indemnify Tate Transport is an appropriate remedy. *See S.-Owners Ins. Co. v. MAC Contractors of Fla., LLC*, 2018 U.S. Dist. LEXIS 35254, 2018 WL 1152271 (M.D. Fla. Mar. 5, 2018).

If the indemnity claim is stayed, this case will then proceed with the pending Motion for Default Judgments against Defendants, Islamarti, LLC, Alberto Daniel Herrera Martinez and Islary Martinez [DE 72], regarding Progressive's duty to indemnify and defend Defendants, Islamarti, LLC, Alberto Daniel Herrera Martinez and Islary Martinez.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Respectfully submitted,

/s/ Stuart J. Freeman

Stuart J. Freeman, Esquire
Florida Bar No. 237493
FREEMAN, GOLDIS & CASH, P.A.
9600 Koger Blvd N, Ste 103
St Petersburg, FL 33702
Post Office Box 12349
St. Petersburg, FL 33733-2349
Tel: 727-327-2258
Fax: 727-321-2497
stuart.freeman@fgclawfirm.com
crystal.siegel@fgclawfirm.com

*Attorneys for Plaintiff, Progressive Express Insurance Company*

**SERVICE LIST**

CASE NO.: 2:21-cv-0198-JLB-MRM

Michael G. Heilmann, Esq.
Florida Bar No. 353957
23394 Goddard Road
Taylor, MI 48180
Tel: 734-307-3800
mgh@dialaw.net
cassie@dialaw.net

*Attorneys for Defendants, Dennis Nienow and Renee Nienow*

Jeffrey A. Blaker, Esq.
Florida Bar No. 443913
CONROY SIMBERG
1801 Centrepark Dr E Ste 200
West Palm Beach, FL 33401-7427
Tel: 561-697-8088
Fax: 561-597-8664
eservicewpb@conroysimberg.com
jblaker@conroysimberg.com

*Attorneys for Defendant, Tate Transport Corp.*

**BY US MAIL AND EMAIL**

Islamarti LLC
Alberto Daniel Herrera Martinez
Islary Martinez
1885 Desoto Blvd N
Naples, FL 34120
Islarymg1982@gmail.com