```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

PROGRESSIVE         EXPRESS
INSURANCE COMPANY, an Ohio
Corporation,

        Plaintiff,

v.                                    Case No:  2:21-cv-198-JES-KCD

TATE TRANSPORT CORPORATION,
a Florida Corporation, RENEE
NIENOW,   ISLARY   MARTINEZ,
ISLAMARTI LLC, a Florida
Limited Liability Company,
DENNIS NIENOW, and ALBERTO
DANIEL HERRERA MARTINEZ,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Reconsideration and Clarification (Doc. #87) filed on November 22, 2022.  Defendant filed a Memorandum of Law in Opposition ((Doc. #88) on December 1, 2022, and plaintiff filed a Reply (Doc. #91) on December 14, 2022, with leave of Court.

On November 16, 2022, the Court issued an Opinion and Order (Doc. #86) denying plaintiff's Motion for Final Summary Judgment/Motion for Default Judgment (Doc. #72).  Plaintiff argues that the Court failed to consider the Additional Insured Endorsement setting limitations of coverage as to Tate Transport.

Plaintiff argues that it has no duty to defend Tate Transport based on this Additional Insured Endorsement.

In the Opinion and Order, the Court noted that "Progressive's summary judgment motion focuses on only one component of the Trucking Use exclusion. Progressive assumes for purposes of the motion that one of the three insured dump trucks was the truck involved in the accident." (Doc. #86, p. 7.) Later, the Court again noted "Progressive's summary judgment motion only relies upon the "in any business or for any business purpose" portion of the Trucking Use Exclusion. (Id., p. 11) (citing Doc. #72, p. 8). "The difficulty with Progressive's duty to defend position is not that allegations of the state court Amended Complaint do not fall within the terms of the Trucking Use exclusion. Rather, there is a duty to defend in this case because the state court Amended Complaint is not confined to the March 25, 2020 accident." (Id., p. 13.)

Plaintiff has filed a motion to reconsider and clarify the Court's ruling pursuant to Fed. R. Civ. P. 59(e). "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999) (citation omitted). "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or

- 2 -

fact.' In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). '[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir.2005)." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiff is raising a new argument, new defense not presented on the previous summary judgment, and not seeking reconsideration of the narrow issues determined in the Opinion and Order. Therefore, the motion is not one for reconsideration or clarification. Any argument based on the Additional Insured Endorsement should have been presented by summary judgment by the deadline to file dispositive motions that has now expired.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration and Clarification (Doc. #87) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of December 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record